(133 App. Div. 627.)

FURST v. BOHL.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

VENDOR AND PURCHASER (§ 130*)—MARKETABLE TITLE.

    Testatrix devised all her real estate to her executor, declared that a daughter held a 10-year lease on part of the premises described, and authorized the executor, at the expiration of the lease, to sell all the property and apply the proceeds in a prescribed manner. The daughter had no lease, but she rented the premises from the executor for a specified time, and subsequently quitclaimed to the executor any right she acquired under the will. *Held*, that as the title to the property vested in the beneficiaries on the death of testatrix, subject to the exercise of the power of sale, the executor could immediately sell the real estate and give the purchaser a marketable title.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

Submission of controversy under Code Civ. Proc. § 1279, by Joseph Furst, executor of Margaret Furst Eschbach, deceased, against Jacob Bohl. Judgment for plaintiff.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

James H. Goggin, for plaintiff.

McLAUGHLIN, J. This is a submission of a controversy under section 1279 of the Code of Civil Procedure. Margaret Furst Eschbach died on the 9th of June, 1906, leaving a last will and testament, which was admitted to probate and letters testamentary issued to the executor therein named, the plaintiff in this action. So much of the will as is necessary to the determination of the question submitted reads as follows:

"First. I hereby give, devise and bequeath unto my executor hereinafter named all my real and personal property of whatever nature and kind and wherever situate of which I may die possessed for the following use and purpose:

"Second. I hereby state that my daughter Mrs. Virginia Kern, formerly known as Virginia Furst, holds a lease of ten (10) years on my house situate at Ferris Lane, Throggs Neck, New York, at one hundred and fifty dollars

($150) yearly, payable every 1st of July in advance, said lease to date from July 1, 1906.

"Third. I hereby authorize and empower my said executor as soon as the ten-year lease expires to sell, convey and dispose of all my real and personal estate and property and convert the same into cash, and apply the proceeds thereof as follows."

At the time of her death the testatrix owned a piece of real estate, described by metes and bounds in the submission, which the executor, on the 27th of January, 1909, entered into a written contract to convey to the defendant for the consideration of $14,000, $1,000 of which was paid at the execution of the contract, and the balance the defendant agreed to pay when the deed was delivered. At the time fixed for the closing of the transaction the plaintiff tendered to the defendant a deed of the premises in the form required by the contract and demanded the balance of the purchase price. Defendant refused to accept the deed or to make such payment, on the ground that the plaintiff did not have a good and marketable title "for the reason that the executor may not exercise the power of sale given him under the will of said deceased until the year 1916"; in other words, the defendant objected to the title because the executor could not exercise the power of sale until after the termination of the lease to the daughter Regina (called in the will Virginia). But it is agreed that the daughter, at the time of the death of the testatrix, did not have a lease, though for some time prior thereto she had lived on the premises with her mother.

The admission of the will to probate was contested upon various grounds, among others that it illegally attempted to suspend the power of alienation for a period of ten years; that is, during the term of the lease. On the hearing before the surrogate, it was admitted and stated in open court by the attorney for the daughter that she did not have a lease for ten years, and the surrogate held that, because the 10-year lease spoken of in the will of the deceased had no valid existence, the direction not to sell until its termination was of no effect. The power of alienation was not suspended, and a valid trust was not created. The title to the property, therefore, vested in the beneficiaries at the date of the death of the testatrix, subject to the exercise of the power of sale by the executor. Not only this, but it is agreed that, following the death of the testatrix, the daughter leased from the executor, for a period of six months, the premises in question, and that over one year prior to the execution of the contract between plaintiff and defendant she "released and quitclaimed unto the executor any rights that she might have acquired under said will, and more specifically under the first clause marked 'Second,' " which deed was recorded in the office of the register of the county of New York, and that the daughter is not now, and was not at the time the contract was executed, in possession.

Upon the facts submitted, I do not see how there can be a question but that good title can be passed. The only objection made is predicated upon a lease which never in fact existed. This is clearly established by the position which the daughter took in the Surrogate's Court, as well as by her subsequent act in leasing from the executor, and any possible doubt which might theretofore have existed as to the execu-

tor's power to sell was removed when the daughter quitclaimed to him all her right, title, and interest.

It follows, therefore, that the plaintiff is entitled to judgment, without costs, to the effect that the title to the premises is good and marketable, and the plaintiff, as the executor of the testatrix, has the power to sell the same, and that defendant's refusal to accept the title was unwarranted, for which reason he should be directed to specifically perform by accepting a deed as called for in the contract and paying the balance of the purchase money. All concur.

